**This order is SIGNED.**

**Dated: May 29, 2025**



**PEGGY HUNT**
**U.S. Bankruptcy Judge**

*jas*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Case No. 25-21528 |
| MARCELLO PHILIP GASPERINI<br>ANDREA LYNN GASPERINI, | Chapter 13 |
| Debtors. | Honorable Peggy Hunt |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING DEBTORS' MOTION TO IMPOSE AUTOMATIC STAY AND APPROVING SETTLEMENT AGREEMENT WITH GRANITE CREDIT UNION

The matter before the Court is a *Motion to Impose the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(4)(B)* (the "**Motion**") filed by the Debtors.[1] The *Debtors' Declaration* in support of the Motion is attached. *Notice of Opportunity for Hearing* was properly filed and served, and no further notice is necessary.[2] Granite Credit Union (the "**Credit Union**") filed an *Objection* to the Motion.[3] The Debtors filed *Supplemental Declarations* and a *Supplemental Memorandum* in support of the Motion.[4]

A hearing on the Motion commenced on April 23, 2025, and was initially continued until May 21, 2025. At that continued hearing, the Debtors proffered testimony

---

[1] Dkt. No. 6.
[2] Dkt. Nos. 7, 8.
[3] Dkt. No. 20.
[4] Dkt. Nos. 25, 26, 29.

set forth in the Declarations. No objection to the proffer was made, and the Court

received the testimony into evidence, and further continued the hearing to May 28, 2025.

Prior to the final hearing, a *Settlement Agreement* between the Debtors and the Credit

Union was filed, resolving the Credit Union's Objection to the Motion.[5]

The Court has reviewed and considered the noted filings, the evidence received,

the representations and arguments made by counsel, the record in this case, and the

applicable law. Based thereon, the Court makes these findings of fact and conclusions of

law pursuant to Federal Rule of Civil Procedure 52, made applicable here by Federal

Rules of Bankruptcy Procedure 9014(c). Any of the findings of fact herein are also

deemed, to the extent appropriate, to be conclusions of law, and any conclusions of law

herein are similarly deemed to be findings of fact and shall be equally binding as both.

## I.    JURISDICTION AND VENUE

1.    The Court's jurisdiction over this case is properly invoked under 28

U.S.C. §§ 157(a) and 1334(b), as well as the District Court's *Order of Reference* at

DUCiv R 83-7.1.

2.    The Court may hear and determine the present Motion by entry of a final

order under 28 U.S.C. § 157(b)(1) because it is a core proceeding as it arises under the

Bankruptcy Code[6] and arises in this bankruptcy case, and is included as a core

proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

---

[5] Dkt. No. 31.

[6] 11 U.S.C. § 101 *et seq*. Statutory references herein are to the Bankruptcy Code unless otherwise stated.

3.      Venue of this case in this district is not disputed and is proper pursuant to

28 U.S.C. § 1408.

## II.   FINDINGS OF FACT

4.      The Debtors are a marital couple who depend solely on the income of Mr.

Gasperini.[7] Mrs. Gasperini does not work. She stays at home with a young child and

believes that finding separate employment would not cover the cost of childcare.[8]

5.      The Debtors filed their first Chapter 13 case on April 19, 2024 (the "**First

Case**").[9] This First Case was dismissed on August 19, 2024, because Debtors failed to

appear at their scheduled meeting of creditors required under 11 U.S.C. § 341.[10] The

Debtors did not believe at that time that they could fund a plan because Mr. Gasperini

was unable to find a job.[11]

6.      The Debtors filed their second Chapter 13 case on November 21, 2024 (the

"**Second Case**").[12]

7.      Mr. Gasperini spent time in 2024 interviewing for jobs and anticipated

having a new job early 2025.[13]

8.      In the fall of 2024, Mr. Gasperini started his own business and his income

from that venture has been increasing. He also began applying for a different level job

---

[7] Dkt. No. 26, ¶ 2–4; *see also* Dkt. No. 6, ¶ 2.
[8] Dkt. No. 26, ¶ 4.
[9] Case No. 24-21826 (Bankr. D. Utah).
[10] Dkt. No. 6., ¶ 2.
[11] Dkt. No. 6, ¶ 2.
[12] Case No. 24-26060 (Bankr. D. Utah).
[13] Dkt. No. 6, ¶¶ 4-5.

than he had previously been seeking, and on the Petition Date was hopeful he would find a full-time job to supplement his business income.[14]

9.       The Second Case was dismissed on March 20, 2025, because the Debtors did not timely produce required documentation. It is undisputed that failure to timely produce the documents was due to a miscommunication from their counsel.[15]

10.      After dismissal, the Credit Union repossessed the Debtors' vehicles.

11.      On March 25, 2025 (the "**Petition Date**"), five days after the Second Case was dismissed and after the Credit Union repossessed their vehicles, the Debtors filed the above-captioned case.[16]

12.      In April 2025, Mr. Gasperini accepted an offer of employment.[17]

13.      The Debtors believe they will be able to afford to make payments under a Chapter 13 plan in this case.[18]

14.      The Debtors' debts have not changed significantly since the filing of the First Case.[19]

15.      The Credit Union filed an Objection to the Motion alleging that the Debtors had not met their burden of proving this case was filed in good faith pursuant

---

[14] Dkt. No. 6, ¶ 6.
[15] Dkt. No. 6, ¶ 3.
[16] *See* Dkt. No. 15, p. 38 (Statement of Financial Affairs).
[17] Dkt. No. 25, ¶¶ 2-3, 6-7 and Attachment, p. 3.
[18] Dtk. No. 25, ¶¶ 8-9; Dkt. No. 26, ¶¶ 3, 6.
[19] *See* Dkt. No. 15; Case No. 24-21826 (Bankr. D. Utah), Dkt. No. 13; Case No. 24-26060 (Bankr. D. Utah), Dkt. No. 11.

§ 362(c)(4)(B) and they could not propose a feasible plan.[20] This Objection has been

resolved under the Settlement Agreement.[21]

16.    The Debtors filed the present case in good faith.

## III.  CONCLUSIONS OF LAW

17.    The automatic stay did not go into effect upon the filing of the present case

because of the pendency and dismissal of the First Case and the Second Case in the year

prior to the Debtors' Petition Date.[22]

18.    The Debtors timely filed the Motion, requesting that the automatic stay be

imposed as to all creditors under § 362(c)(4)(B).

19.    Thus, the Debtors must demonstrate that the filing of the present "case is in

good faith as to the creditors to be stayed[.]"[23]

20.    The case "is presumptively filed not in good faith" as to all creditors

because the First Case and the Second Case were "pending within the 1-year period"

prior to the Petition Date.[24]

21.    The Debtors may rebut the presumption of lack of good faith by producing

"clear and convincing evidence to the contrary. . . ."[25]

---

[20] Dkt. No. 20.
[21] *See* Dkt. No. 31. The Settlement Agreement refers to "in rem" relief under § 362(d)(4) with regard to a 2016
BMW X5, but such relief does not apply to personal property. Nonetheless the Court approves the Settlement
Agreement. The Debtors stipulated that the stay shall not apply to the 2016 BMW X5 for a period of 6 months if this
case is dismissed and nothing herein effects that agreement.
[22] 11 U.S.C. § 362(c)(4)(A)(i) and (D)(i)(I).
[23] 11 U.S.C. § 362(c)(4)(B).
[24] 11 U.S.C. § 362(c)(4)(D)(i)(I).
[25] 11 U.S.C. § 362(c)(4)(D).

22.    As set forth in *In re Galanis*,[26] whether this case was filed in good faith is based on the totality of the circumstances.[27]

23.    In *Galanis*, the Court established a totality of the circumstances test under § 362(c)(3)(B), as opposed to § 362(c)(4)(B) – applicable here. Nonetheless the analysis in *Galanis* applies in this case because application of the automatic stay under either section depends on whether the last-filed case is filed in good faith. Relevant subsections of both provisions contain identical language.

24.    Subsections (II) and (III) of § 362(c)(4)(D)(i) also provide insight into what is considered a lack of good faith.

25.    Subsection (II) states that "a case is presumptively filed not in good faith" if the previous cases were dismissed after a debtor fails to (a) file required documents "without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was cause by the negligence of the debtor's attorney) . . . "; (b)  provide court-ordered adequate protection; or (c) perform the terms of a confirmed plan.[28]

26.    Subsection (III) states that "a case is presumptively filed not in good faith" if "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case . . . or any other reason to conclude that

---

[26] 334 B.R. 685 (Bankr. D. Utah, 2005).
[27] *Id.,* at 693 (relying on *Gier v. Farmers State Bank of Lucas (In re Gier)*, 986 F.2d 1326 (10th Cir. 1993) (good faith factors under § 1307(c)).
[28] 11 U.S.C. § 362(c)(4)(D)(i)(II).

the later case will not be concluded . . . with a confirmed plan that will be fully

performed."[29]

27.      Accordingly, in evaluating the totality of the circumstances, the Court will

be guided by the factors in *Galanis* as well as those in subsections (II) and (III) of

§ 362(c)(4)(D)(i) to determine if this case was filed in good faith. The Court summarizes

these factors as follows:

(i)     The timing of the petition;

(ii)    The nature of the debtor's debts;

(iii)   The debtor's motives for filing bankruptcy;

(iv)    The effect on creditors;

(v)     The reasons for the dismissal of earlier cases, including whether

there was a substantial excuse (other than the debtor's negligence)

for the dismissal;

(vi)    Whether there has been a substantial change in the debtor's financial

or personal affairs since the dismissal of the last-filed case;

(vii)   Whether there is any reason to conclude that a Chapter 13 plan will

not be confirmed or fully performed;

(viii)  The debtor's credibility and truthfulness; and

(ix)    Whether there are objections to the imposition of the automatic

stay.[30]

---

[29] 11 U.S.C. § 362(c)(4)(D)(i)(III).
[30] *See* 11 U.S.C. § 362(c)(4)(D)(i)(II) and (III); *Galanis*, 334 B.R. at 697–98; *see also In re Montoya*, 333 B.R. 449, 460 (Bankr. D. Utah 2005).

28.    The factors are not exclusive and not all must apply.

29.    Based on the evidence, the record in this case and applying the law discussed above, the Court concludes that the stay may take effect as to all creditors in this case because the filing of this case was in good faith under § 362(c)(4)(B). The Debtors have rebutted the presumption of bad faith by clear and convincing evidence. Specifically, it is either undisputed that or the evidence establishes that:

(i)    The Debtors' current petition was filed only 5 days after the dismissal of the Second Case, but there was a substantial excuse for the dismissal not due to the Debtors' inadvertence or negligence. Also, the income issues that appear to have thwarted the Debtors' earlier efforts to reorganize have been resolved by Mr. Gasperini securing a salaried position.

(ii)    The Debtors' debts have not increased dramatically since the First Case.

(iii)    The Debtors have experienced a substantial change in their financial and personal affairs given Mr. Gasperini's new job.

(iv)    The Debtors believe that they will be able to fund a Chapter 13 plan, and no party in interest has presented any evidence to show that they will not be able to do so.

(v)    Creditors have undoubtedly been delayed and imposition of the

automatic stay in this case will affect creditors. But, other than the

Credit Union, no creditor or party in interest has objected to

imposing the stay, and the Credit Union's Objection has been

resolved.

30.    The automatic stay imposed under § 362(c)(4)(B) shall be effective on the

date of the entry of this Order.[31]

## IV.   CONCLUSION

31.    For all the reasons stated, the Court will enter an *Order* (i) granting the

Motion; (ii) imposing the automatic stay as to all creditors effective on the date that

Order is entered; and (iii) approving the Settlement Agreement.

--END OF DOCUMENT--

---

[31] 11 U.S.C. § 362(c)(4)(C). The Court stated at the hearing that the stay would be imposed as of the Petition Date. This was incorrect.

## <u>DESIGNATION OF PARTIES TO BE SERVED</u>

Service of the foregoing *Findings of Fact and Conclusions of Law in Support of Order Granting Debtors' Motion to Impose Automatic Stay and Approving Settlement Agreement with Granite Credit Union* shall be served on the parties in the manner designated below:

**By Electronic Service**: The parties of record in this case, as identified below, are registered CM/ECF users.

- Lon Jenkins tr    ecfmail@ch13ut.org, lneebling@ch13ut.org
- Janci M. Lawes    jlawes@aldridgepite.com, jlawes4@gmail.com;ecfutb@aldridgepite.com
- Ryan E. Simpson    ryanfreelesson@gmail.com, startfreshutahecf@gmail.com;simpsonrr67177@notify.bestcase.com;ryanfreelessonecf@gmail.com
- Dean A. Stuart    dean@brucerichards.law, lynn@richardsandassociateslawoffice.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Aaron M. Waite    aaronmwaite@agutah.gov

**By U.S. Mail**: In addition to the parties receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

*None.*